# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

PHILIP TINSLEY, III,

  Plaintiff,

vs.

AEGON N.V. and TRANSAMERICA LIFE INSURANCE COMPANY,

  Defendants.

No. 06-CV-104-LRR

**ORDER**

_____

  The matter before the court is Defendants AEGON N.V. and Transamerica Life Insurance Company's Motion to Dismiss (docket no. 15).

  On July 24, 2006, Plaintiff Philip Tinsley, III, filed a pro se Complaint against Defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(1)(A) and (B) (docket no. 1).

  On October 13, 2006, Plaintiff filed a Motion for Summary Judgment (docket no. 10).[1] On November 6, 2006, Defendants filed a resistance. In the resistance, Defendants claim they were never served with the Complaint.

  On December 14, 2006, the Clerk of Court filed a Notice of Dismissal which provided: "This action is dismissed pursuant to Local Rule 41.1 . . . unless some action is taken by or not later than 1/02/07." On January 3, 2007, the Notice of Dismissal that

---

[1] In filing his Motion for Summary Judgment, Defendant failed to comply with the Local Rules, because he did not file a separate brief in support of the Motion for Summary Judgment, a statement of material facts or an appendix. LR 56.1(a)(2) (requiring a brief); LR 56.1(a)(3) (requiring a statement of material facts); LR 56.1(a)(4) (requiring an appendix). Moreover, the document which Plaintiff titled "Motion for Summary Judgment" appears to be a motion for default judgment. The court shall not, however, rule on the Motion for Summary Judgment, because dismissal of the Complaint is appropriate on other grounds.

had been mailed by the Clerk of Court to Plaintiff at the Fredericksburg, Virginia, address that he had provided was returned as "undeliverable" and no forwarding address was available.[2]

On December 20, 2006, Defendants filed the instant Motion to Dismiss. In the Motion to Dismiss, Defendants argue that the court should dismiss the Complaint pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(6). They argue that Plaintiff has not timely served the summons and Complaint, and he has "not come close to stating a claim upon which relief may be granted." Defendants also argue that Plaintiff is a "habitual filer of frivolous lawsuits" and violated the express orders of two other United States District Courts by filing the Complaint without first seeking leave of this court.

Plaintiff has failed to respond to the Motion to Dismiss, and the time for resisting has expired. LR 7.1.e (providing fourteen days to resist); LR 6.1 (providing an additional three days for electronic service). Plaintiff has not filed a timely resistance to the Motion to Dismiss, therefore, the court shall grant it. LR 7.1.e (providing that "[i]f no timely resistance to a motion is filed, the motion may be granted without notice").

The court notes that, if it had not found a Local Rule violation, it would have granted the Motion to Dismiss due to Plaintiff's failure to seek leave of this court before filing his Complaint. *See Tinsley v. Gonzales*, No. 06-0429 (RCL) (D.D.C. June 5, 2006) (docket no. 10) (Lamberth, J.) (dismissing Plaintiff's claims and directing Plaintiff to refrain from filing "any further complaints or motions in any Federal court without prior leave of that court."); *Tinsley v. FleetBoston Fin. Corp.*, No. 2:01cv215 (E.D. Va. July 17, 2001) (docket no. 16) (Friedman, J.) (dismissing, among other claims, Plaintiff's RICO claim, and enjoining Plaintiff "from filing any new action or proceeding in any

---

[2] Local Rule 3.1 governs pro se litigants and provides, in part: "Pro se parties are responsible for informing the court promptly of any changes in their address, telephone number, facsimile number, and e-mail address." LR 3.1.e. Plaintiff has failed to comply with this Local Rule by failing to provide the Clerk of Court with a current address.

federal court without first obtaining the leave of that court"); *see also Tinsley v. United States*, 72 Fed. Cl. 326, 333-34 (Fed. Cl. 2006) (sanctioning Plaintiff pursuant to Federal Rule of Civil Procedure 11 by barring him "from filing any future complaints without an order of [the United States Court of Federal Claims] approving such a filing"); *Tinsley v. Quick & Reilly, Inc.*, 216 F.R.D. 337, 338 (E.D. Va. 2001) (dismissing Plaintiff's claims for lack of prosecution and because he refused to comply with two court orders).

For the foregoing reasons, it is hereby **ORDERED**:

(1) Defendants' Motion to Dismiss (docket no. 15) is **GRANTED**;

(2) Plaintiff's Complaint (docket no. 1) is **DISMISSED WITH PREJUDICE**;

(3) The Clerk of Court is directed to assess all costs against Plaintiff;

(4) The Clerk of Court is directed to satisfy all pending motions as moot; and

(5) The Clerk of Court is directed to forward copies of this Order to the Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, and the Honorable Jerome B. Friedman, United States District Judge for the Eastern District of Virginia.

**IT IS SO ORDERED.**

**DATED** this 21st day of May, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA